UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 21-cr-530 (SHS) |
| v. | |
| MARC ELEFANT, | ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

On October 24, 2022, defendant Marc Elefant pleaded guilty to one count of conspiracy to commit wire fraud in connection with a staged trip-and-fall scheme for which this Court sentenced him to two years of imprisonment followed by three years of supervised release. (Dkt. No. 284.) From June 7, 2023, until January 25, 2024, Elefant served his custodial sentence at FCI Otisville. (Dkt. No. 355 ("Elefant Br.") at 1.) Elefant completed the remainder of his custodial term on August 8, 2024, at a Brooklyn-based halfway house. (*Id.*) He now moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1), claiming, *inter alia*, that early termination would aid in his pursuit of employment and is justified by his nearly 16 months of compliance with the terms of his supervision and his adherence to his reporting and restitution payment obligations. (*Id.* at 1–3.) The Government opposes Elefant's request but raises no objection to modifying the terms of Elefant's supervision to better facilitate employment- and family-related domestic travel. (Dkt. No. 357 at 5.) The U.S. Probation Office for the Eastern District of New York takes no position on Elefant's motion. (Elefant Br. at 1.) For the reasons set forth below, the Court declines to grant Elefant's request for early termination of supervised release but orders that modifications be made to the terms of his supervision to better facilitate employment- and family-related travel.

## I. LEGAL STANDARD

18 U.S.C. § 3583(e)(1) permits a court to terminate a term of supervised release at any time after the expiration of one year of that term where such action is "warranted by the conduct of the defendant" and is in "the interest of justice" and after considering certain factors set forth in 18 U.S.C. § 3553(a). "Early termination is not warranted as a matter of course, and decisions regarding termination of supervised release are within the discretion of the district court." *United States v. Fernandez*, No. 10-cr-905, 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025) (citation modified). Moreover, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores,*

1

No. 99-cr-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather, in considering a request brought pursuant to section 3583(e)(1), courts undertake an "individualized assessment" of the need for ongoing supervision guided by section 5D1.4 of the U.S. Sentencing Guidelines, the factors set forth in its accompanying Application Note 1(B), and the section 3553(a) factors identified in section 3583(e).

In assessing a section 3583(e)(1) application, courts must also be mindful of the intended role of supervised release, which is rehabilitative rather than punitive. *See, e.g., United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Because retribution is irrelevant to the Court's consideration of Elefant's request for early termination of supervised release, the Court declines to consider section 3553(a)(2)(A) given that section's focus on the "seriousness of the offense" as well as the need to promote "respect for the law" and "just punishment for the offense." *Cf. Esteras v. United States*, 606 U.S. 185, 188 (2025) (holding that courts may not consider section 3553(a)(2)(A) when deciding whether to revoke a term of supervised release).

## II. DISCUSSION

An individualized assessment of Elefant's circumstances leads the Court to conclude that continued supervision is appropriate under section 3583(e)(1). Elefant's compliance with the conditions of his supervision and adherence to his reporting and payment obligations—while laudable—are an insufficient basis on which to terminate his supervision. *See Flores*, 2010 WL 2573385, at *1. Guided by the section 3553(a) factors identified in section 3583(e) as well as section 5D1.4 of the U.S. Sentencing Guidelines and its accompanying application notes, the Court finds that early termination of supervised release is not warranted by Elefant's conduct or in the interest of justice. Rather, the Court believes continued supervision is appropriate considering, for example, Elefant's substantial forfeiture and restitution obligations. (*See* Dkt. No. 284 at 6–7.)

The Court is also unconvinced that early termination of supervised release is needed to avoid impeding Elefant's pursuit of employment. Such concerns are best addressed through a modification to the existing terms of Elefant's supervision pursuant to section 3583(e)(2). The Court finds that the section 3553(a) factors identified in section 3583(e) are best served by modifying Standard Condition number three to read as follows:

> 3. You may travel within the continental United States for employment- and family-related purposes with advance notification of the dates, location, and purpose of travel to your probation officer. You otherwise must not knowingly

leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation office.

## III. CONCLUSION

For the forgoing reasons, Elefant's request for early termination of supervised release is denied. Standard Condition number three is modified as set forth above. Pursuant to 18 U.S.C. § 3583(f), the U.S. Probation Office for the Eastern District of New York is respectfully directed to provide Elefant with an updated written statement setting forth all of the conditions of supervision to which he is subject as modified by this Order.

Dated: New York, New York
       January 6, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3